# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ENCLAVE AUDIO LIMITED,<br>a Hong Kong Corporation, | ) ) ) ) | Case No. |
| Plaintiff, | ) ) ) | Judge |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| BENQ AMERICA CORP.,<br>A California Corporation. | ) ) ) ) | |

## COMPLAINT

Plaintiff, Enclave Audio Limited, a Hong Kong Corporation, hereby complains that Defendant BenQ America Corp., a California Corporation, is liable for willful federal trademark infringement. In support of its complaint, Plaintiff, by its undersigned counsel, alleges as follows:

## THE PARTIES

1. Plaintiff, Enclave Audio Limited ("Enclave"), is a company organized and incorporated under the laws of Hong Kong, and has a principal place of business at 8/F Golden Star Building 20-24 Lockhart Road, Wan Chai, Hong Kong.

2. Enclave engages in the business of manufacturing and selling consumer electronics, including audio/video receivers, wireless audio speakers, and home theater audio systems throughout the United States.

3. On information and belief, Defendant, BenQ America Corp. ("BenQ"), is a California corporation, having a place of business at 3200 Park Center Drive, Suite 150, Costa Mesa, California, 92626.

4. On information and belief, BenQ engages in the business of selling electronics, including audio speakers and systems, video projectors, and monitors, throughout the United States.

5. On information and belief, BenQ regularly conducts business in Illinois and in this district at least by selling its products through authorized dealers, such as Fry's Electronics and Micro Center, in Illinois and in this district.

## ENCLAVE'S REGISTERED TRADEMARK

6. Enclave is the owner of United States Registered Trademark 5,263,231 for the word mark CINEHOME ("Enclave's Mark"). Ex. 1.

7. Enclave's Mark was filed as an intent to use application on April 8, 2015, asserts a date of first use in commerce of February 28, 2016, and was registered on the Principal Register on August 15, 2017.

8. The recited goods in international class 009 for Enclave's Mark are: apparatus for transmission or reproduction of sound or images; sound systems comprised of audio speakers and wireless speaker controllers; home theatre systems comprised of center, front, rear, and subwoofer speakers and wireless speaker controllers; audio equipment, namely, audio speakers and wireless audio controllers; audio speakers; digital audio players; loudspeakers; loudspeaker systems; amplifiers; sound mixers; audio testing and measurement equipment; digital image players; computer hardware and software for controlling and transmitting wireless signals to audio speakers; computer software for the control and improvement of sound quality; computer software for the reproduction, transmission of sound, data, text, images and video.

9. Registration of Enclave's Mark on the Principal Register is prima facie evidence of the validity thereof.

**BENQ'S USE OF "CINEHOME"**

10. On or about May 31, 2018, BenQ filed trademark application Serial No. 87/943,846 for registration of the mark "CINEHOME" ("Accused Mark") on the Principal Register.

11. On information and belief, BenQ was aware of Enclave's Mark prior to its filing application Serial No. 87/943,846.

12. On information and belief, BenQ was advised prior to its use of the Accused Mark that the Accused Mark was likely to be confused with Enclave's Mark.

13. On or about September 24, 2018, BenQ's counsel, Mr. Edward R. Hearn, received a notification of an office action from the United States Patent and Trademark Office ("USPTO"). Ex. 2.

14. The USPTO refused registration of the Accused Mark to BenQ stating that there was a likelihood of confusion between the Accused Mark and Enclave's Mark. Ex. 2.

15. The USPTO office action stated that the Accused Mark was identical to Enclave's Mark. Ex. 2.

16. The Accused Mark and Enclave's Mark are identical.

17. The USPTO office action stated that BenQ's recited goods in trademark application Serial No. 87/943,846 are of a kind that may emanate from a single source under a single mark. Ex. 2.

18. BenQ did not respond to the office action and argue that the Accused Mark was not likely to be confused with Enclave's Mark.

19. At some time after August 15, 2017, BenQ began advertising, marketing and selling at least projectors under the Accused Mark.

20. On information and belief, BenQ advertised, market, and sold at least projectors under the Accused Mark in Illinois and in this district.

21. The goods advertised, marketed, and sold under the Accused Mark are advertised, marketed, and sold in the same channels of trade and to the same potential customers as the goods recited for Enclave's Mark.

22. Enclave contacted BenQ's trademark counsel, Mr. Hearn, on or about April 4, 2019 regarding Enclave's belief that BenQ's actions constituted an infringement of Enclave's Mark. Ex. 3.

23. After attempts to negotiate a resolution to the dispute, BenQ represented on July 17, 2019 that it would cease any future use of the Accused Mark.

24. On information and belief, BenQ continues to use the Accused Mark.

25. BenQ has also failed to address Enclave's complaints regarding BenQ's past infringements.

## JURISDICTION AND VENUE

26. This action is for (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127).

27. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

28. Defendant BenQ is subject to personal jurisdiction in this judicial district because it regularly conducts business in this district and committed or is committing one or more of the acts complained of herein within this state and judicial district.

29. Venue is proper in this juridical district pursuant to 28 U.S.C. § 1391(a)-(c) because a substantial part of the events complained of occurred in this district, BenQ knowingly

committed tortious acts aimed at and causing harm in this state and this district, and BenQ is subject to personal jurisdiction herein. Moreover, the damage to Enclave and Enclave's Mark described herein has occurred and continues to occur in this judicial district.

## COUNT I (Federal Trademark Infringement)
## 15 U.S.C. Section 1114

30.  Plaintiff Enclave realleges and incorporates by reference paragraphs 1-29 of its Complaint as if fully set forth herein.

31.  This Count is based on infringement of a trademark registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 et seq. Defendant BenQ's unauthorized use of the identical name "CINEHOME" in association with its goods was and is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of BenQ with Enclave, or as to the sponsorship, approval or affiliation of BenQ with Enclave, in violation of 15 U.S.C. §1114.

32.  BenQ had actual or constructive notice or knowledge pursuant to 15 U.S.C. § 1072 of Enclave's Mark and its exclusive rights therein.

33.  Despite prior knowledge of Enclave's Mark, advice of counsel, as well as the USPTO's position that the Accused Mark was likely to be confused with Enclave's Mark, BenQ decided to use the Accused Mark in commerce on projectors.

34.  BenQ's actions constitute willful trademark infringement.

35.  As a result of BenQ's willful infringement, Enclave has been, is now, and will continue to be damaged and irreparably harmed and thus, Enclave has no adequate remedy at law.

36.  On information and belief, BenQ will continue such infringement unless enjoined by this Court.

**RELIEF REQUESTED**

WHEREFORE, Enclave respectfully requests that this Court enter judgment in its favor and against BenQ as follows:

a. Find that BenQ has violated 15 U.S.C. § 1114;

b. Grant an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116 permanently restraining and enjoining BenQ, its parents, subsidiaries, affiliates, officers, agents, representatives, employees, successors, and assignees, and all those persons in active concert or participation with BenQ from:

  i. registering or using the Accused Mark or that is identical or confusingly similar to Enclave's Mark; advertising, marketing, promoting, supplying, distributing, selling, or offering for sale, any goods relating thereto; and/or engaging in any other activity constituting an infringement of any of Enclave's rights in Enclave's Mark;

  ii. Require BenQ to file with this Court and serve on Enclave within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which BenQ has complied with the injunction;

c. Such other relief as this Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action have been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by BenQ, has been authorized by Enclave, or is related in any way with Enclave and/or its services;

d. Award Enclave actual, punitive damage, and/or statutory damages to which it is entitled;

e. Recover from BenQ all damages that Enclave has sustained and will continue to sustain as a result of such infringing acts, and all ill-gotten gains, profits, and advantages obtained by BenQ, in an amount to be determined;

f. Award Enclave its costs in this action, attorney's fees, investigatory fees, and expenses to the full extent provided by 15 U.S.C. § 1117;

g. Award Enclave pre-judgment interest on the monetary award made part of the judgment against BenQ; and

h. Award Enclave such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Enclave hereby requests trial by jury for all issues for which a jury trial is appropriate.

Date: August 8, 2019

Respectfully submitted,

By    s/ Joseph M. Kuo
Joseph M. Kuo (ARDC 6216400)
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7151
(312) 876-0288
joseph.kuo@saul.com

*Attorneys for Plaintiff*
*Enclave Audio Limited*